# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2045 | **DATE** | May 28, 2013 |
| **CASE TITLE** | Jerrold Johnson (#N-67725) v. S.A. Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $2.57 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to forward a copy of this order to the office of inmate trust fund accounts at Stateville Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for attorney representation [#4] is granted. The Court grants Plaintiff assistance of counsel and hereby asks Bradley Joseph Andreozzi, Drinker Biddle & Reath LLP, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

    Plaintiff, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has a seizure disorder and has suffered an ongoing inability to obtain adequate care and accommodation for his condition. More specifically, Plaintiff alleges that he has been unable to obtain a low tier housing permit, and as a result has fallen down flights of stairs and suffered repeated injuries.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.57. The supervisor of inmate trust accounts at Stateville is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Preliminary review of Plaintiff's complaint reveals that he has stated a colorable cause of action against Defendants under the Civil Rights Act, 42 U.S.C. § 1983. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006); *see also Wilson v. Groze,* 800 F. Supp. 2d 949, 952-53 (N.D.Ill 2011) (Castillo, J).

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Plaintiff filed a motion for appointment of counsel in this case, and because of the nature of the allegations made in Plaintiff's complaint, it is granted. The Court hereby requests that Bradley Joseph Andreozzi, Drinker Biddle & Reath LLP, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698, provide Plaintiff with assistance of counsel and represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

     After investigation, counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.